UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 99-05932 MMM (Ex) | Date | June 5, 2014 |

| | |
|---|---|
| Title | *United States of America v. Sheriff* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      Order Denying Claim of Exemption

### I. BACKGROUND

On June 9, 1999, the government filed a complaint against defendant Stephanie Sheriff to collect sums due on a promissory note representing a student loan on which she had defaulted.[1] Sheriff did not file a responsive pleading or otherwise appear, and on May 18, 2001, the court granted the government's motion for default judgment, entering judgment against Sheriff in the amount of $11,670.18.[2]

On September 5, 2012, the government filed an application for writ of continuing garnishment, which stated that Sheriff had failed to pay any part of the judgment, and owed $17,243.59 as a result of accrued interest.[3] The court granted the writ on September 10, 2012.[4] On September 27, 2012,

---

[1]Complaint, Docket No. 1 (June 9, 1999).  The case was originally assigned to Judge Audrey B. Collins.

[2]Default Judgment, Docket No. 5 (May 18, 2001).

[3]Application for Writ of Continuing Garnishment, Docket No. 9 (Sept. 5, 2012).

[4]Writ of Continuing Garnishment, Docket No. 13 (Sept. 10, 2012).

Sheriff filed a timely claim of exemption and requested a hearing pursuant to 28 U.S.C. §§ 3202(d)[5] and 3014(b)(2).[6]  She asserts that 100% of her earnings are exempt from garnishment.[7]  The government filed a response on October 2, 2012, arguing that $725 of Sheriff's claimed monthly expenses are not exempt.  The government noted, however, that it would accept garnishment of $125 per pay period.[8]

On January 17, 2014, the court set an exemption hearing.[9]  Because it had been more than a year since Sheriff filed her claim of exemption, the court directed her to submit updated information regarding her current monthly income and claimed exemptions.[10]  Pursuant to § 3014(b)(1), the court also directed Sheriff to provide a statement under oath describing each claimed exemption and explaining the value, and the basis for her valuation, of the claimed exemption.[11]

On January 30, 2014, Sheriff submitted an updated claim of exemption but did not submit a statement explaining each category of expenses for which she claimed an exemption or her basis for the valuation of that category.[12]  She continues to maintain that all of her earnings are exempt from

---

[5]Section 3202(d) provides: "By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy.  The court that issued such order shall hold a hearing on such motion as soon as practicable."

[6]Section 3014(b)(2) states: "The United States or the debtor, by application to the court in which an action or proceeding under this chapter is pending, may request a hearing on the applicability of any exemption claimed by the debtor.  The court shall determine the extent (if any) to which the exemption applies."

[7]Claim of Exemption ("Original Claim of Exemption"), Docket No. 16 (Sept. 27, 2012).

[8]Notice of Opposition to Claim of Exemption ("Original Notice of Opposition"), Docket No. 18 (Oct. 2, 2012).

[9]Order Setting Wage Garnishment Exemption Hearing; Briefing Schedule ("Order"), Docket No. 20 (January 17, 2014).

[10]*Id*. at 1-2.

[11]*Id*. at 2.  Section 3014(b)(1) provides: "A court may order the debtor to file a statement with regard to any claimed exemption.  A copy of such statement shall be served on counsel for the United States.  Such statement shall be under oath and shall describe each item of property for which exemption is claimed, the value and the basis for such valuation, and the nature of the debtor's ownership interest."

[12]Claim of Exemption ("Financial Statement"), Docket No. 21 (January 30, 2014).

2

garnishment.[13] She stated that her gross monthly pay is $2,719.72 and that the following deductions are taken each month:

| | | |
|---|---|---|
| 1) | Social Security Tax: | $117.12 |
| 2) | Medicare Tax: | $ 39.08 |
| 3) | Ca SUI/SDI Tax: | $ 26.97 |
| 4) | Accident: | $ 24.05 |
| 5) | Garnishment: | $250.00 |
| 6) | Kloan: [sic] | $ 59.00 |
| 7) | STD: [sic] | $ 40.20 |
| 8) | 401K: | $190.38 |

After subtracting these amounts from her monthly income, she concludes that her monthly take-home pay is $1,922.92.

Sheriff states that she has $65 in a Bank of the West bank account and owns a 1997 Nissan Altima. She identified the following monthly expenses and amounts as exempt from garnishment:

| | | |
|---|---|---|
| 1) | Rent/house payment and maintenance: | $500.00 |
| 2) | Food/Household supplies: | $250.00 |
| 3) | Utilities and telephone: | $100.00 |
| 4) | Clothing: | $150.00 |
| 5) | Medical and Dental payments: | $273.00 |
| 6) | Insurance: | $ 24.10 |
| 7) | Transportation: | $875.00 |
| 8) | Laundry and cleaning: | $ 60.00 |
| 9) | Entertainment: | $ 50.00 |

In total, Sheriff contends that she has $2,202.26 in exempt monthly expenses. This is $279.34 more than her take-home pay. Sheriff also states that she owes $82.26 for an unspecified debt and that her car "that [she] use[s] for work is in need of repairs. It will cost $750 to repair it. [T]he head gasket [is] blown."

After Sheriff filed the updated claim of exemption, the government once again opposed it, asserting that not all of her earnings are exempt from garnishment.[14] Specifically, the government contends that the following amounts are not exempt because they are not necessary expenses: $875 for transportation and auto expenses, $60 for cleaning, and $50 for entertainment.[15] It again requests

---

[13]*Id.* at 1.

[14]Notice of Opposition to Claim of Exemption ("Updated Notice of Opposition"), Docket No. 22 (February 5, 2014).

[15]*Id.* at 3.

that Sheriff's claim for exemption be denied with prejudice,[16] but confirms that it will accept garnishment of $125 per pay period.[17]

On February 18, 2014, the court held a hearing on Sheriff's claimed exemptions.[18] Sheriff testified under oath concerning the meaning of many of the items on the budget sheet she had submitted. Sheriff reported that the $24.05 for "accident" listed as a deduction from her income, and the $24.10 listed for "insurance" as an expense were the same expense, despite the difference of $.05 between them – a premium payment for her AFLAC insurance. Sheriff's claim of exemption therefore double-counts this amount. For that reason, the court eliminates the "accident" deduction from her calculation of net income *infra*. Sheriff also testified that the government had been garnishing her wages for some time and that the $250 per month for "garnishment" listed as a deduction from gross income reflected the government's garnishment of her wages to pay the judgment in this case.[19] Since the proper amount of the garnishment, if any, is the subject of these proceedings, the court adds the $250 to sheriff's monthly income for the purpose of calculating her monthly net income. Sheriff testified that the deduction identified as "Kloan" represented the repayment of a loan she received from her employer once the government started garnishing her wages. Next, she testified that the $273 monthly expense for "medical and dental payments" represented an averaged monthly payment for a $1,500 dental procedure she had had done. Because $1,500 divided by twelve months is $125, however, the court calculates Sheriff's monthly dental payments at that amount rather than her "averaged" $273.

Sheriff stated that she spent $60 per month on dry cleaning and laundry and $50 per month on entertainment, which included money spent on her grandchildren. She reported that the $875 per month listed for "transportation" included the $750 she spent to repair the head gasket on her car; this was a one-time amount she has already paid. The court therefore deducts $750 from her monthly transportation expenses to reflect this fact. Sheriff testified that she spent $80 per month for gas and $71 per month for care insurance. She also stated that her employer reimbursed her $60 to $110 per month for mileage, an amount that is reflected in her paycheck. She was unable to explain the $82.26 debt. Sheriff asserted that she lives "paycheck to paycheck," and has a son with special needs who lives in another state who "needs [her] help." She did not testify that she spends any money to support him, however.

At the hearing, the government maintained its position that Sheriff's claim of $875 monthly transportation expenses was not exempt, as $750 of that amount was a one-time payment for a head gasket that had already been made. The government modified some of its other objections as well,

---

[16] Updated Notice of Opposition at 4.

[17] *Id.*

[18] Minutes of Wage Garnishment Exemption Hearing, Docket No. 23 (Feb. 18, 2014).

[19] Sheriff noted that the government had also confiscated her 2012 income tax refund.

arguing that the AFLAC accident insurance was not a necessary expense but noting that it no longer objected to the laundry and cleaning or entertainment expenses.

Based on Sheriff's testimony, the court makes the following modifications to her claim of exemption:

**A.   Monthly Income:**

Gross Monthly Income from Employment:       $2,719.72
Average Monthly Amount in Savings Per Year:[20] $5.42

**B.   Monthly Deductions:**

| | | |
|---|---|---|
| 1) | Social Security Tax: | $117.12 |
| 2) | Medicare Tax: | $ 39.08 |
| 3) | Ca SUI/SDI Tax: | $ 26.97 |
| 4) | Accident: | $   0.00 |
| 5) | Garnishment: | $   0.00 |
| 6) | Kloan: [sic] | $ 59.00 |
| 7) | STD: [sic] | $ 40.20 |
| 8) | 401K: | $190.38 |

**C.   Monthly Expenses:**

| | | |
|---|---|---|
| 1) | Rent/house payment and maintenance: | $500.00 |
| 2) | Food/Household supplies: | $250.00 |
| 3) | Utilities and telephone: | $100.00 |
| 4) | Clothing: | $150.00 |
| 5) | Medical and Dental payments: | $125.00 |
| 6) | Insurance: | $ 24.10 |
| 7) | Transportation: | $125.00 |
| 8) | Laundry and cleaning: | $ 60.00 |
| 9) | Entertainment: | $ 50.00 |

**D.   Total Disposable Income per Month:       $867.15**

As noted, subtracting Sheriff's monthly deductions and expenses from her monthly income reveals that she has $867.15 per month remaining after all deductions and expenses have been paid.

---

[20]The court calculates this amount by dividing the amount Sheriff has in her bank account – $65 – by 12.

At the hearing, Sheriff testified that the government had been garnishing her wages since 2012. The government stated that it was unaware of this fact. The court expressed concern that any such garnishment may have violated 28 U.S.C. § 3014(b)(3), which provides that,

> "[a]ssertion of an exemption shall prevent the United States from selling or otherwise disposing of the property for which such exemption is claimed until the court determines whether the debtor has a substantial nonexempt interest in such property. The United States may not take possession of, dispose of, sell, or otherwise interfere with the debtor's normal use and enjoyment of an interest in property the United States knows or has reason to know is exempt." *Id*.

After a recess, the government represented that Sheriff had initially agreed to a monthly garnishment of $500, which was reduced to $250 per month in March 2013. Sheriff testified that she had only agreed to the garnishment because she believed the court was going to hold a hearing quickly following her request for exemption and that she had not understood the government would continue to garnish that amount for any substantial period of time. The court ordered the government to file a supplemental brief that addressed § 3014(b)(3) so it could determine whether the ongoing garnishment of Sheriff's tax refund and monthly wages had violated that statute. The court also ordered supplemental briefing on the government's authority to seize Sheriff's income tax return. The government filed a brief on February 20, 2014.[21]

## II. DISCUSSION

### A. Legal Standard Governing Exemptions from Garnishment

Section 3205 of the Federal Debt Collection Procedure Act ("FDCOPA") provides that,

> "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

"Unless it is reasonably evident that the exemption applies, the debtor shall bear the burden of persuasion." *Id.*, § 3014(b)(2). Under § 3014(a), a debtor claiming an exemption may elect to exempt *either* property listed as exempt in 11 U.S.C. § 522(d) *or* property qualifying as exempt under another federal law *or* property qualifying as exempt under the law of the state where the debtor has been domiciled for 180 days immediately preceding the filing of the claim for exemption. See *id.*, § 3014(a); see also *United States v. Rogan*, 639 F.3d 1106, 1107-08 (7th Cir. 2011) (holding that the law of the state in which property is located determines how far a writ of garnishment under § 3205 reaches); *Connell v. United States*, 69 Fed. Appx. 867, 868 (9th Cir. June 30, 2003) (Unpub. Disp.) (noting that federal law incorporates state law and citing 28 U.S.C. § 3014(a)(2)(A)).

---

[21]Brief re: Additional Information Requested, Docket No. 24 (Feb. 20, 2014).

Sheriff does not specify whether she claims exemption under federal or state law. Section 522(d), however, does not exempt wages. The court therefore looks to applicable California law to determine whether any of Sheriff's claimed exemptions is valid.

California Code of Civil Procedure § 706.051(b) sets forth the exemptions a judgment debtor can claim. It provides, in relevant part: "[With certain] [e]xcept[ions not applicable here], the portion of the judgment debtor's earnings that the judgment debtor proves is necessary for the support of the judgment debtor or the judgment debtor's family supported in whole or in part by the judgment debtor is exempt from levy."[22] CAL. CODE CIV. PROC. § 706.051(b). Even if a judgment debtor does not prove that all of his or her earnings are exempt, the court may not order garnishment of more than 25% of her disposable earnings. CAL. CODE CIV. PROC. § 706.050.

"[T]here is no precise definition of what is 'necessary' for the support of a judgment debtor." *Real Time Investments v. G.M.R. W. Trade Int'l*, No. C-91-1801 FMS FSL, 1996 WL 708385, *2 (N.D. Cal. Dec. 2, 1996) (citing *J.J. MacIntyre Co. v. Duren*, 118 Cal.App.3d Supp. 16 (1981)). Courts have observed, however, that "'[n]ecessary' expenses normally include housing costs, food, insurance, automobile costs, etc." *Id.*; see also *Perfection Paint Products v. Johnson*, 164 Cal.App.2d 739, 741 (1958) ("[T]he determination of what is 'necessary for the use of the debtor's family' is not subject to precise definition, and differs with each debtor").

Courts have held that the term "necessary" "is not confined in its application merely to what is essential barely to support life, but [ ] includes many of the conveniences of refined society, such as ornaments of dress." *Sanker v. Humborg*, 48 Cal.App.2d 205, 207 (1941). "The basic theory of [the] exemption [for necessary expenses] is that a debtor and [her] family, regardless of the debtor's improvidence, will retain enough money to maintain a basic standard of living in order that the debtor may have a fair chance to remain a productive member of the community." *Perfection Paint Products*, 164 Cal.App.2d at 741.

In deciding which expenses are necessary, the trial court is "vested with wide discretion" "because the determination of what is 'necessary for the use of the debtor's family' is not subject to precise definition, and differs with each debtor." *Id.* (citing *Sanker*, 48 Cal.App.2d at 207; *Los Angeles Finance Co. v. Flores*, 110 Cal.App.2d Supp. 850, 852-53 (1952)). "[E]xemptions statutes are liberally construed in favor of the claimant." *United States v. Arevalo*, No. C-00-01143M EDL, 2007 WL 2220969, *1-2 (N.D. Cal. Aug. 1, 2007).

  **B.**  **Whether Sheriff's Expenses are Exempt from Garnishment**

The court need not engage in a protracted analysis as to whether the expenses Sheriff claims as exempt are necessary because, as noted, the court has calculated that Sheriff has $867.15 in disposable monthly income after the deductions and expenses she claims are exempt are subtracted from her pay.

---

[22]It does not appear that Sheriff is married or has any dependents.

7

As noted, "the burden of proof is [ ]on the judgment debtor to establish [her] right to [ ] an exemption," *Perfection Paint Products*, 164 Cal.App.2d at 741 (citing *Carter v. Carter*, 55 Cal.App.2d 13, 14 (1942)). Although Sheriff stated at the hearing that she lives paycheck to paycheck and has a son in another state who "needs" her, Sheriff simply did not meet her burden of showing this to be the case. The evidence she adduced does not show that she lives paycheck to paycheck. Nor is there any evidence that she supports her son. Even if the court were to find that all of her claimed monthly deductions and expenses were necessary and exempt from garnishment, because Sheriff has $867.15 per month in disposable income over and above those expenses and deductions, she has not shown, as she argued originally, that 100% of her earnings are exempt from garnishment. As a result, it appears that Sheriff is able to pay the $125 per pay period that the government seeks to garnish, and that she will still have $617.15 per month in disposable income not required for necessary expenses after that amount is garnished. The court therefore denies her claim of exemption and finds that the government can garnish the requested $125 per pay period from her paychecks.

The court must still consider, however, what action, if any, should be taken due to the fact that Sheriff's wages have been garnished since September 2012, while her claim for exemption was pending. It must similarly consider the fact that her most recent tax refund was seized while her claim of exemption was pending. The government's supplemental brief states that the writ of garnishment was levied on Sheriff's employer immediately after it issued on September 10, 2012.[23] Thereafter, the employer began to deduct $250 per pay period from Sheriff's paycheck and send the money to the Nationwide Central Intake Facility, P.O. Box 790363, St. Louis, Missouri, 63179-0363. The funds were not sent to government counsel in this case.[24] In March 2013, Sheriff and her employer agreed that the employer would garnish $125 rather than $250 per pay period.[25]

The government states that Sheriff's tax refund was seized pursuant to its Treasury Offset Program. Under this program and 26 U.S.C. § 6402(d), when the Internal Revenue Service ("IRS") receives

> "notice from any Federal agency that a named person owes a past-due legally enforceable debt . . . to such agency, the [IRS] shall (A) reduce the amount of any overpayment [of taxes] to such person by the amount of such debt; (b) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and (c) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt." 26 U.S.C. § 6402(d).

---

[23]Brief at 2.

[24]*Id*.

[25]*Id*.

The government's brief states that the wages that have been garnished and the tax refund that was seized have been credited against Sheriff's debt and that, as of February 18, 2014, the outstanding balance on the judgment is $11,767.06.[26]

The brief also states inconsistently, however, that "[f]rom the time [it] received [Sheriff's] claim of exemption, [the government] took no actions to enforce the garnishment."[27] Accepting payment of the garnished amount from Sheriff's wages as payments towards the judgment, however, clearly constitutes enforcement of the garnishment. Section 3014(b)(3) provides that

> "[a]ssertion of an exemption shall prevent the United States from selling or otherwise disposing of the property for which such exemption is claimed until the court determines whether the debtor has a substantial nonexempt interest in such property. The United States may not take possession of, dispose of, sell, or otherwise interfere with the debtor's normal use and enjoyment of an interest in property the United States knows or has reason to know is exempt." 28 U.S.C. § 3014(b)(3).

The government's supplemental brief cites this provision, and states that it "has had no reason to believe that any of the $250.00 per month [that Sheriff's employer has been garnishing] would fall within the claimed exemption."[28] It appears to contend that because Sheriff voluntarily agreed to the garnishment, she did not claim that the $250 was exempt. Whatever agreement Sheriff reached, however, she reached with her employer and not with the government. The government knew through proceedings in this case that Sheriff claimed 100% of her earnings were exempt.

The briefing does not cite any case law that addresses the meaning of "knows or has reason to know" in § 3014(b)(3), and the court can find none independently. Nor can the court find any legislative history concerning the issue. The statute does not squarely address whether the government is prohibited from taking possession of property a debtor claims is exempt pending a court's determination of the validity of the claimed exemption. Nevertheless, the court finds it unnecessary to interpret the meaning of the statute as a matter of first impression because, even crediting all of the exemptions Sheriff has claimed as valid, Sheriff has $867.15 of disposable monthly income. Because the government accepted less than this amount – first $250 per month and then $125 per month – it did not know or have reason to know that the amount it accepted was exempt and it therefore did not violate the statute. See *F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, *7 (5th Cir. Oct. 12, 2007) (Unpub. Disp.) ("The FTC was not required to refrain from selling or disposing of property it could either never seize or which would never qualify as an exemption").

---

[26]*Id.* at 3.

[27]Brief at 2.

[28]*Id*. at 3.

### III. CONCLUSION

For the reasons stated, the court denies Sheriff's claimed exemptions. The government may garnish $125 of Sheriff's wages per pay period.